| | |
|---|---|
| Richard Michael Tench and Cynthia Merritt Tench,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Kevin J. Azzara, Greenville County, and Greenville County Sheriff's Office,<br><br>　　　　　　　　　　Defendants. | **DEFENDANTS GREENVILLE COUNTY AND GREENVILLE COUNTY SHERIFF'S OFFICE'S ANSWER TO PLAINTIFFS' COMPLAINT (JURY TRIAL REQUESTED)** |

These Defendants, Greenville County and Greenville County Sheriff's Office above-named, answering the Complaint of the Plaintiffs herein, would respectfully show unto this Honorable Court that:

**FOR A FIRST DEFENSE**

1.　　As to the allegations contained in Paragraph One of the Plaintiffs' Complaint, these Defendants specifically admit that Deputy Kevin J. Azzara shot the Plaintiff Richard Tench through a window pane next to his front door as he had pointed his own weapon at Deputy Azzara; further, these Defendants would move to strike the photograph/camera screen shot contained in the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>. These Defendants deny all remining allegations contained in Paragraph One of the Plaintiffs' Complaint which are in addition to or inconsistent with these admissions.

2.　　These Defendants deny the allegations contained in Paragraph Two of the

Plaintiffs' Complaint.

3.      These Defendants deny the allegations contained in Paragraph Three of the Plaintiffs' Complaint.

4.      These Defendants admit the allegations contained in Paragraph Four of the Plaintiffs' Complaint.

5.      These Defendants deny the allegations contained in Paragraph Five of the Plaintiffs' Complaint.

6.      These Defendants deny the allegations contained in Paragraph Six of the Plaintiffs' Complaint.

7.      As to the allegations contained in Paragraph Seven of the Plaintiffs' Complaint, these Defendants specifically admit that Deputy Azzara shot the Plaintiff two times; however, these Defendants lack sufficient knowledge and information to form a belief as to the remaining allegations contained in Paragraph Seven of the Plaintiffs' Complaint therefore deny same.

8.      These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Eight of the Plaintiffs' Complaint therefore deny same.

9.      These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

10.      In as much as the allegations contained in Paragraph Ten of the Plaintiffs' Complaint relate to jurisdiction, these Defendants neither admit nor deny same but demand strict proof thereof.

11.      In as much as the allegations contained in Paragraph Eleven of the Plaintiffs'

Complaint relate to venue, these Defendants neither admit nor deny same but demand strict proof thereof.

12. In as much as the allegations contained in Paragraph Twelve of the Plaintiffs' Complaint relate to jurisdiction and venue, these Defendants neither admit nor deny same but demand strict proof thereof.

13. These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

14. Upon information and belief, these Defendants admit the allegations contained in Paragraph Fourteen of the Plaintiffs' Complaint.

15. As to the allegations contained in Paragraph Fifteen of the Plaintiffs' Complaint, these Defendants specifically deny that the Greenville County Sheriff's Office is an agency and/or political subdivision of the State of South Carolina and/or the type of governmental entity capable of being sued under the South Carolina Tort Claims Act; however, these Defendants admit the remaining allegations contained in Paragraph Fifteen of the Plaintiffs' Complaint which are in addition to or inconsistent with these admissions.

16. These Defendants deny the allegations contained in Paragraph Sixteen of the Plaintiffs' Complaint.

17. These Defendants deny the allegations contained in Paragraph Seventeen of the Plaintiffs' Complaint.

18. As to the allegations contained in Paragraph Eighteen of the Plaintiffs' Complaint, these Defendants specifically admit that Deputy Azzara was a resident of Greenville County at all times relevant to the Plaintiffs' Complaint and was

employed by Greenville County as a Deputy Sheriff with the Greenville County Sheriff's Office; in as much as the remaining allegations contained in Paragraph Eighteen state legal conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

19. In as much as the allegations contained in Paragraph Nineteen of the Plaintiffs' Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

20. In as much as the allegations contained in Paragraph Twenty of the Plaintiffs' Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

21. These Defendants deny the allegations contained in Paragraph Twenty-One of the Plaintiffs' Complaint.

22. This Defendant realleges and reiterates each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

23. These Defendants deny the allegations contained in Paragraph Twenty-Three of the Plaintiffs' Complaint.

24. These Defendants admit the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Complaint.

25. These Defendants admit the allegations contained in Paragraph Twenty-Five of the Plaintiffs' Complaint.

26. In as much as the allegations contained in Paragraph Twenty-Six of the Plaintiffs' Complaint restates recorded radio traffic, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants will assert that

said recordings of radio traffic speak for themselves.

27.    In as much as the allegations contained in Paragraph Twenty-Seven of the Plaintiffs' Complaint restates recorded radio traffic, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants will assert that recordings of said radio traffic speak for themselves.

28.    These Defendants admit the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Complaint.

29.    In as much as the allegations contained in Paragraph Twenty-Nine of the Plaintiffs' Complaint attempts to restate the contents of Deputy Azzara's written statement(s), these Defendants neither admit nor deny same but allege that the contents of the written statements speak for themselves and demand strict proof thereof.

30.    In as much as the allegations contained in Paragraph Thirty of the Plaintiffs' Complaint attempts to restate the contents of Deputy Azzara's written statement(s), these Defendants neither admit nor deny same but allege that the contents of the written statements speak for themselves and demand strict proof thereof.

31.    As to the allegations contained in Paragraph Thirty-One of the Plaintiffs' Complaint, these Defendants specifically admit that when Deputy Azzara arrived at the Plaintiffs' house, Deputy Azzara parked his vehicle at the side of the house and the attached photograph was taken by SLED after the shooting; further, these Defendants would move to strike the photograph attached to the Plaintiffs' Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Further, these Defendants deny the remaining allegations contained in Paragraph Thirty-One of the Plaintiffs' Complaint which are in addition to or inconsistent with these

admissions.

32.    These Defendants admit the allegations contained in Paragraph Thirty-Two of the Plaintiffs' Complaint.

33.    These Defendants admit the allegations contained in Paragraph Thirty-Three of the Plaintiffs' Complaint.

34.    In as much as the allegations contained in Paragraph Thirty-Four of the Plaintiffs' Complaint attempts to restate the contents of Deputy Azzara's statement(s), these Defendants would assert that the statements speak for themselves and demand strict proof thereof.

35.    Upon information and belief, these Defendants admit the allegations contained in Paragraph Thirty-Five of the Plaintiffs' Complaint.

36.    Upon information and belief, these Defendants admit the allegations contained in Paragraph Thirty-Six of the Plaintiffs' Complaint.

37.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-Seven of the Plaintiffs' Complaint therefore deny same.

38.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-Eight of the Plaintiffs' Complaint therefore deny same.  Further, these Defendants would move to strike the photograph contained in Paragraph Thirty-Eight of the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

39.    In as much as the allegations contained in Paragraph Thirty-Nine of the Plaintiffs' Complaint are attempting to restate the contents of Deputy Azzara's statement(s),

these Defendants assert that the statements speak for themselves and demand strict proof thereof.

40. These Defendants lack sufficient knowledge an information to form a belief as to the allegations contained in Paragraph Forty of the Plaintiffs' Complaint therefore deny same.

41. Upon information and belief, these Defendants admit the allegations contained in Paragraph Forty-One of the Plaintiffs' Complaint. Further, these Defendants would move to strike the photograph contained in Forty-One of the Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

42. These Defendants deny the allegations contained in Paragraph Forty-Two of the Plaintiffs' Complaint.

43. These Defendants deny the allegations contained in Paragraph Forty-Three of the Plaintiffs' Complaint.

44. These Defendants admit the allegations contained in Paragraph Forty-Four of the Plaintiffs' Complaint. Further, these Defendants would move to strike Exhibit H, the body camera screen shot contained in Forty-Four of the Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

45. These Defendants deny the allegations contained in Paragraph Forty-Five of the Plaintiffs' Complaint. Further, these Defendants would move to strike Exhibit H, the body camera screen shot contained in Paragraph Forty-Five of the Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

46. These Defendants deny the allegations contained in Paragraph Forty-Six of the Plaintiffs' Complaint as stated.

47.     These Defendants deny the allegations contained in Paragraph Forty-Seven of the Plaintiffs' Complaint.

48.     These Defendants admit the allegations contained in Paragraph Forty-Eight of the Plaintiffs' Complaint.

49.     These Defendants deny the allegations contained in Paragraph Forty-Nine of the Plaintiffs' Complaint as stated.

50.     In as much as the allegations contained in Paragraph Fifty of the Plaintiffs' Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

51.     In as much as the allegations contained in Paragraph Fifty-One of the Plaintiffs' Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

52.     In as much as the allegations contained in Paragraph Fifty-Two of the Plaintiffs' Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

53.     These Defendants deny the allegations contained in Paragraph Fifty-Three of the Plaintiffs' Complaint.

54.     These Defendants deny the allegations contained in Paragraph Fifty-Four of the Plaintiffs' Complaint.

55.     These Defendants deny the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Complaint.

56.     These Defendants deny the allegations contained in Paragraph Fifty-Six of the Plaintiffs' Complaint.

57.     In as much as the allegations contained in Paragraph Fifty-Seven of the Plaintiffs' Complaint attempts to state conclusions of law, the Defendants neither admit nor denies same but demands strict proof thereof.

58.     These Defendants deny the allegations contained in Paragraph Fifty-Eight of the Plaintiffs' Complaint.

59.     These Defendants deny the allegations contained in Paragraph Fifty-Nine of the Plaintiffs' Complaint.

60.     These Defendants deny the allegations contained in Paragraph Sixty of the Plaintiffs' Complaint.

61.     These Defendants deny the allegations contained in Paragraph Sixty-One of the Plaintiffs' Complaint.

62.     These Defendants deny the allegations contained in Paragraph Sixty-Two of the Plaintiffs' Complaint.  Further, these Defendants move to strike Exhibit I from the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

63.     These Defendants deny the allegations contained in Paragraph Sixty-Three of the Plaintiffs' Complaint.

64.     These Defendants deny the allegations contained in Paragraph Sixty-Four of the Plaintiffs' Complaint.

65.     These Defendants deny the allegations contained in Paragraph Sixty-Five of the Plaintiffs' Complaint.

66.     These Defendants deny the allegations contained in Paragraph Sixty-Six of the Plaintiffs' Complaint.  Further, these Defendants move to strike Exhibit B, excerpt

of screen shot, from the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

67.    These Defendants deny the allegations contained in Paragraph Sixty-Seven of the Plaintiffs' Complaint.

68.    These Defendants deny the allegations contained in Paragraph Sixty-Eight of the Plaintiffs' Complaint.

69.    These Defendants deny the allegations contained in Paragraph Sixty-Nine of the Plaintiffs' Complaint.

70.    These Defendants deny the allegations contained in Paragraph Seventy of the Plaintiffs' Complaint.

71.    These Defendants assert that the search warrant referenced in Paragraph Seventy-One of the Plaintiffs' Complaint speaks for itself and demands strict proof thereof. Further, these Defendants move to strike Exhibit J from the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

72.    These Defendants assert that the affidavit supporting the search warrant speaks for itself and demands strict proof thereof.  Further, these Defendants move to strike Exhibit K from the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

73.    These Defendants assert that the affidavit supporting the search warrant speaks for itself and demands strict proof thereof.  Further, these Defendants move to strike Exhibit L from the Plaintiffs' Complaint pursuant to Rule 12(f) of the <u>Federal Rules of Civil Procedure</u>.

74.    These Defendants admit the allegations contained in Paragraph Seventy-Four of the

Plaintiffs' Complaint.

75. These Defendants deny the allegations contained in Paragraph Seventy-Five of the Plaintiffs' Complaint as stated.

76. These Defendants deny the allegations contained in Paragraph Seventy-Six of the Plaintiffs' Complaint as stated.

77. In as much as the allegations contained in Paragraph Seventy-Seven of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants assert the General Orders speak for themselves and demands strict proof thereof.

78. In as much as the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants assert the General Orders speak for themselves and demand strict proof thereof.

79. In as much as the allegations contained in Paragraph Seventy-Nine of the Plaintiffs' Complaint allege that Deputy Azzara violated Greenville County Sheriff's Office's policy by not activating his body worn camera, these Defendants specifically admit that Deputy Azzara violated Greenville County Sheriff's Office policy by not activating his body worn camera; however, these Defendants deny the remaining allegations contained in Paragraph Seventy-Nine of the Plaintiffs' Complaint which are in addition to or inconsistent with these admissions.

80. In as much as the allegations contained in Paragraph Eighty of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as

the General Orders speak for themselves.

81. In as much as the allegations contained in Paragraph Eighty-One of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as the General Orders speak for themselves.

82. In as much as the allegations contained in Paragraph Eighty-Two of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as the General Orders speak for themselves.

83. These Defendants deny the allegations contained in Paragraph Eighty-Three of the Plaintiffs' Complaint.

84. In as much as the allegations contained in Paragraph Eighty-Four of the Plaintiffs' Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof and would show that the General Orders speak for themselves.

85. These Defendants deny the allegations contained in Paragraph Eighty-Five of the Plaintiffs' Complaint.

86. These Defendants deny the allegations contained in Paragraph Eighty-Six of the Plaintiffs' Complaint as stated.

87. These Defendants deny the allegations contained in Paragraph Eighty-Seven of the Plaintiffs' Complaint as stated.

88. These Defendants deny the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Complaint.

89.     These Defendants deny the allegations contained in Paragraph Eighty-Nine of the Plaintiffs' Complaint.

90.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

91.     In as much as the allegations contained in Paragraph Ninety-One of the Plaintiffs' Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

92.     These Defendants deny the allegations contained in Paragraph Ninety-Two of the Plaintiffs' Complaint.

93.     These Defendants deny the allegations contained in Paragraph Ninety-Three of the Plaintiffs' Complaint.

94.     These Defendants deny the allegations contained in Paragraph Ninety-Four of the Plaintiffs' Complaint.

95.     These Defendants deny the allegations contained in Paragraph Ninety-Five of the Plaintiffs' Complaint.

96.     These Defendants deny the allegations contained in Paragraph Ninety-Six of the Plaintiffs' Complaint.

97.     These Defendants deny the allegations contained in Paragraph Ninety-Seven of the Plaintiffs' Complaint.

98.     These Defendants deny the allegations contained in Paragraph Ninety-Eight of the Plaintiffs' Complaint.

99.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

100.  These Defendants deny the allegations contained in Paragraph One Hundred of the Plaintiffs' Complaint.

101.  These Defendants deny the allegations contained in Paragraph One Hundred One of the Plaintiffs' Complaint.

102.  These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

103.  In as much as the allegations contained in Paragraph One Hundred Three of the Plaintiffs' Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

104.  These Defendants deny the allegations contained in Paragraph One Hundred Four of the Plaintiffs' Complaint.

105.  These Defendants deny the allegations contained in Paragraph One Hundred Five of the Plaintiffs' Complaint.

## FOR A SECOND DEFENSE

106.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

107.  These Defendants allege that the Complaint of the Plaintiffs fails to state a claim against them and, therefore the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

108.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

109.  These Defendants allege that if any injuries and damages were sustained by the

Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of these Defendants, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiffs are totally barred from recovery.

## FOR A FOURTH DEFENSE

110. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

111. Alternatively, these Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of these Defendants, and for that reason the Plaintiff's recovery, if any, shall be reduced in proportion to the amount of his own negligence.

## FOR A FIFTH DEFENSE

112. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

113. These Defendants allege that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole acts of negligence, recklessness and wantonness on the part of the Plaintiff and that the sole negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## FOR A SIXTH DEFENSE

114. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

115. These Defendants allege that the Plaintiff, nevertheless, freely and voluntarily engaged in this conduct even though he knew or should have known of the attendant risks of doing so and that in so doing, he assumed the risk of being involved in the incident and sustained the injuries and damages for which he is now complaining. Accordingly, his claim is barred.

## FOR A SEVENTH DEFENSE

116. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

117. These Defendants allege that all the risks and dangers, if any, connected with the accident at the time and place of Plaintiff's alleged injury were open, obvious and apparent, and were known to, or should have been known to the Plaintiff; that the Plaintiff was perfectly competent to judge the safety of the circumstances and conditions at the time and place alleged in the Complaint, and therefore, by his own actions, assumed the risk of being injured in such manner on such occasion, and for that reason, these Defendants are not liable to the Plaintiffs in any sum whatsoever.

## FOR AN EIGHTH DEFENSE

118. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

119. These Defendants allege that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole

acts of negligence, recklessness and wantonness on the part of the Plaintiff and that the sole negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## **FOR A NINTH DEFENSE**

120.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

121.     These Defendants hereby asserts qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and, therefore, the Plaintiff's Complaint should be dismissed.

## **FOR A TENTH DEFENSE**

122.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

123.     These Defendants assert that they were never deliberately indifferent to any of the Plaintiffs' needs or rights and, therefore, the Plaintiffs' Complaint should be dismissed.

## **FOR AN ELEVENTH DEFENSE**

124.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

125.     These Defendants would show that their actions with regard to the Plaintiff were based upon an objectively reasonable right based upon the existing law, which objective reasonable rights is a complete bar to Plaintiffs' causes of actions against these Defendants.  Therefore, Plaintiffs' Complaint should be dismissed.

## **FOR A TWELFTH DEFENSE**

126.     These Defendants adopt and reallege each and every allegation set forth above,

and not inconsistent herewith, as if fully repeated herein.

127. These Defendants would show that in acting with regard to the Plaintiff, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar to one or more of the Plaintiffs' causes of actions against these Defendants. Therefore, Plaintiffs' Complaint should be dismissed.

**FOR A THIRTEENTH DEFENSE**

128. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

129. These Defendant would show that their actions with regard to the Plaintiff was based upon an objectively reasonable reliance upon existing law, which objectively reasonable reliance is a complete bar to Plaintiffs' causes of action against these Defendants.

**FOR A FOURTEENTH DEFENSE**

130. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

131. These Defendants assert as an affirmative defense to the Plaintiffs' Complaint the provisions and limitations of §15-78-30(f) & (g) of the South Carolina Code of Laws and, therefore, the Plaintiffs' Complaint should be dismissed

**FOR A FIFTEENTH DEFENSE**

132. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

133. This Defendant pleads all defenses, rights and immunities pursuant to §§15-78-100 and 110, et seq. of the South Carolina Code of Laws.

**FOR A SIXTEENTH DEFENSE**

134. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

135. These Defendants pleads all rights, immunities and limitations of liability pursuant to §15-78-120 of the South Carolina Code of Laws and, therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A SEVENTEENTH DEFENSE**

136. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

137. These Defendants plead all rights and immunities pursuant to §15-78-60 of the South Carolina Code of Laws, including, but not limited to, §§ 1, 2, 3, 4, 5, 17, 20, 21 and 25, and accordingly, Plaintiffs' Complaint must be dismissed.

**FOR AN EIGHTEENTH DEFENSE**

138. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

139. These Defendants assert all defenses and immunities pursuant to §15-78-70 and §15-78-200 of the South Carolina Code of Laws; therefore, Plaintiffs' Complaint should be dismissed.

**FOR A NINTEENTH DEFENSE**

140. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

141. These Defendants assert that they are not a "person" for purposes under 42 U.S.C. §1983, therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A TWENTIETH DEFENSE**

142. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

143. These Defendants assert that at all times relevant hereto, in performance and non-performance of the alleged acts in the Complaint did not perform any acts, or fail to perform any acts in bad faith, and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore these Defendant are immune from suit.

**FOR A TWENTY-FIRST DEFENSE**

144. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

145. These Defendants would show that in regard to the allegations of wrongdoing in their capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiffs' causes of action against these Defendants. Therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A TWENTY-SECOND DEFENSE**

146. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

147. These Defendants assert absolute immunity with regard to the Plaintiffs' claims; therefore, the Plaintiffs' Complaint should be dismissed.

## FOR A TWENTY-THIRD DEFENSE

148. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

149. These Defendants assert that any physical force used against the Plaintiff was reasonably necessary; therefore, the Plaintiffs' Complaint should be dismissed.

## FOR A TWENTY-FOURTH DEFENSE

150. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

151. These Defendants assert that no constitutional rights of the Plaintiff were violated as any force used against him was applied in a good faith effort.

## FOR A TWENTY-FIFTH DEFENSE

152. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

153. These Defendants plead any other defense, rights or immunity found under South Carolina Tort Claims Act, §15-78-10, et seq. which have not been previously alleged or specifically raised herein.

## FOR A TWENTY-SIXTH DEFENSE

154. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

155. These Defendants assert as an affirmative defense the Public Duty Rule.

## FOR A TWENTY-SEVENTH DEFENSE

156. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

157.     These Defendants plead and assert immunity from liability for any alleged policy and/or custom and/or for any alleged claims based on Respondeat Superior under <u>Monell v. Department of Social Services</u>, 436 U.S. 1658 (1978).

### **FOR A TWENTY-EIGHTH DEFENSE**

158.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

159.     These Defendants at all times alleged in the Plaintiffs' Complaint acted in good faith and without ill will or malice and are accordingly entitled to good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from these Defendants.

### **FOR A TWENTY-NINTH DEFENSE**

160.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

161.     These Defendants assert that at all times alleged in the Plaintiffs' Complaint, acted within the proper bounds of their discretion and these Defendants plead and assert discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiffs' Complaint.

WHEREFORE, Defendants above-named, having answered the Complaint of the Plaintiffs herein, respectfully requests the Court to dismiss the Plaintiffs' Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

*(signature on following page)*

*s/Charles F. Turner, Jr.*

Charles F. Turner, Jr.  (Fed. I.D. # 05849)
WILLSON JONES CARTER & BAXLEY
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile:  (864) 373-7055
Email:  cfturner@wjlaw.net
**ATTORNEY FOR DEFENDANTS
GREENVILLE COUNTY AND
GREENVILLE COUNTY SHERIFF'S
OFFICE**

Greenville, South Carolina
July 15, 2020