## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION
## CASE NO.: 6:20-CV-02344-BHH-JDA

| | |
|---|---|
| Richard Michael Tench and Cynthia Merritt Tench,<br><br>                              Plaintiffs,<br><br>v.<br><br>Kevin J. Azzara, Randal Solomon, Joshua Sheldon. Greenville County, and Greenville County Sheriff's Office,<br><br>                              Defendants. | **DEFENDANTS RANDAL SOLOMON, JOSHUA SHELDON, GREENVILLE COUNTY AND GREENVILLE COUNTY SHERIFF'S OFFICE'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

These Defendants, above-named, answering the Amended Complaint of the Plaintiffs herein, would respectfully show unto this Honorable Court that:

## FOR A FIRST DEFENSE

1.      As to the allegations contained in Paragraph One of the Plaintiffs' Amended Complaint, these Defendants specifically admit that Deputy Kevin J. Azzara shot the Plaintiff Richard Tench through a window pane next to his front door as he had pointed his own weapon at Deputy Azzara; further, these Defendants would move to strike the photograph/camera screen shot contained in the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. These Defendants deny all remining allegations contained in Paragraph One of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

2.      These Defendants deny the allegations contained in Paragraph Two of the

1

Plaintiffs' Amended Complaint.

3.      These Defendants deny the allegations contained in Paragraph Three of the Plaintiffs' Amended Complaint.

4.      These Defendants admit the allegations contained in Paragraph Four of the Plaintiffs' Amended Complaint.

5.      These Defendants deny the allegations contained in Paragraph Five of the Plaintiffs' Amended Complaint.

6.      These Defendants deny the allegations contained in Paragraph Six of the Plaintiffs' Amended Complaint.

7.      These Defendants deny the allegations contained in Paragraph Six of the Plaintiffs' Amended Complaint.

8.      As to the allegations contained in Paragraph Eight of the Plaintiffs' Amended Complaint, these Defendants specifically admit that Deputy Azzara shot the Plaintiff two times; however, these Defendants lack sufficient knowledge and information to form a belief as to the remaining allegations contained in Paragraph Seven of the Plaintiffs' Amended Complaint therefore deny same.

9.      These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Nine of the Plaintiffs' Amended Complaint therefore deny same.

10.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

11.     In as much as the allegations contained in Paragraph Eleven of the Plaintiffs' Amended Complaint relate to jurisdiction, these Defendants neither admit nor deny

same but demand strict proof thereof.

12.    In as much as the allegations contained in Paragraph Twelve of the Plaintiffs' Amended Complaint relate to jurisdiction and venue, these Defendants neither admit nor deny same but demand strict proof thereof.

13.    In as much as the allegations contained in Paragraph Thirteen of the Plaintiffs' Amended Complaint relate to jurisdiction and venue, these Defendants neither admit nor deny same but demand strict proof thereof.

14.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

15.    Upon information and belief, these Defendants admit the allegations contained in Paragraph Fifteen of the Plaintiffs' Amended Complaint.

16.    As to the allegations contained in Paragraph Sixteen of the Plaintiffs' Amended Complaint, these Defendants specifically deny that the Greenville County Sheriff's Office is an agency and/or political subdivision of the State of South Carolina and/or the type of governmental entity capable of being sued under the South Carolina Tort Claims Act; however, these Defendants admit the remaining allegations contained in Paragraph Sixteen of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

17.    These Defendants deny the allegations contained in Paragraph Seventeen of the Plaintiffs' Amended Complaint.

18.    These Defendants deny the allegations contained in Paragraph Eighteen of the Plaintiffs' Amended Complaint.

19.    As to the allegations contained in Paragraph Nineteen of the Plaintiffs' Amended

Complaint, these Defendants specifically admit that Deputy Azzara was a resident of Greenville County at all times relevant to the Plaintiffs' Amended Complaint and was employed by Greenville County as a Deputy Sheriff with the Greenville County Sheriff's Office; in as much as the remaining allegations contained in Paragraph Nineteen state legal conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

20.     In as much as the allegations contained in Paragraph Twenty of the Plaintiffs' Amended Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

21.     In as much as the allegations contained in Paragraph Twenty-One of the Plaintiffs' Amended Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

22.     These Defendants admits the allegations contained in Paragraph Twenty-Two of the Plaintiffs' Amended Complaint.

23.     As to the allegations contained in Paragraph Twenty-Three of the Plaintiffs' Amended Complaint, these Defendants specifically admit that Defendant Solomon was at all relevant times acting in the course and scope of his official duties and under the color of law; however these Defendants deny the remaining allegations contained in Paragraph Twenty-Three of the Plaintiffs; Amended Complaint which are in addition to or inconsistent with these admissions..

24.     These Defendants deny the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Amended Complaint.

25.     These Defendants admit the allegations contained in Paragraph Twenty-Five of the

Plaintiffs' Amended Complaint.

26.   As to the allegations contained in Paragraph Twenty-Six of the Plaintiffs' Amended Complaint these Defendants specifically admit that Defendant Sheldon was at all times acting in the course and scope of his official duties and under the color of law; however, these Defendants deny the remaining allegations contained in Paragraph Twenty-Six of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions..

27.   These Defendants deny the allegations contained in Paragraph Twenty-Seven of the Plaintiffs' Amended Complaint.

28.   These Defendants deny the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Amended Complaint.

29.   These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

30.   These Defendants deny the allegations contained in Paragraph Thirty of the Plaintiffs' Amended Complaint.

31.   These Defendants admit the allegations contained in Paragraph Thirty-One of the Plaintiffs' Amended Complaint.

32.   These Defendants admit the allegations contained in Paragraph Thirty-Two of the Plaintiffs' Amended Complaint.

33.   In as much as the allegations contained in Paragraph Thirty-Three of the Plaintiffs' Amended Complaint restates recorded radio traffic, these Defendants neither admit nor deny same but demand strict proof thereof.  Further, these Defendants will assert that said recordings of radio traffic speak for themselves.

34.   In as much as the allegations contained in Paragraph Thirty-Four of the Plaintiffs' Amended Complaint restates recorded radio traffic, these Defendants neither admit nor deny same but demand strict proof thereof.  Further, these Defendants will assert that recordings of said radio traffic speak for themselves.

35.   These Defendants admit the allegations contained in Paragraph Thirty-Five of the Plaintiffs' Amended Complaint.

36.   In as much as the allegations contained in Paragraph Thirty-Six of the Plaintiffs' Amended Complaint attempts to restate the contents of Deputy Azzara's written statement(s), these Defendants neither admit nor deny same but allege that the contents of the written statements speak for themselves and demand strict proof thereof.

37.   In as much as the allegations contained in Paragraph Thirty-Seven of the Plaintiffs' Amended Complaint attempts to restate the contents of Deputy Azzara's written statement(s), these Defendants neither admit nor deny same but allege that the contents of the written statements speak for themselves and demand strict proof thereof.

38.   As to the allegations contained in Paragraph Thirty-Eight of the Plaintiffs' Amended Complaint, these Defendants specifically admit that when Deputy Azzara arrived at the Plaintiffs' house, Deputy Azzara parked his vehicle at the side of the house and the attached photograph was taken by SLED after the shooting; further, these Defendants would move to strike the photograph attached to the Plaintiffs' Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.  Further, these Defendants deny the remaining allegations contained in Paragraph Thirty-Eight of

the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

39.     These Defendants admit the allegations contained in Paragraph Thirty-Nine of the Plaintiffs' Amended Complaint.

40.     These Defendants admit the allegations contained in Paragraph Forty of the Plaintiffs' Amended Complaint.

41.     In as much as the allegations contained in Paragraph Forty-One of the Plaintiffs' Amended Complaint attempts to restate the contents of Deputy Azzara's statement(s), these Defendants would assert that the statements speak for themselves and demand strict proof thereof.

42.     Upon information and belief, these Defendants admit the allegations contained in Paragraph Forty-Two of the Plaintiffs' Amended Complaint.

43.     Upon information and belief, these Defendants admit the allegations contained in Paragraph Forty-Three of the Plaintiffs' Amended Complaint.

44.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Four of the Plaintiffs' Amended Complaint therefore deny same.

45.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Five of the Plaintiffs' Amended Complaint therefore deny same.  Further, these Defendants would move to strike the photograph contained in Paragraph Forty-Five of the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

46.     In as much as the allegations contained in Paragraph Forty-Six of the Plaintiffs'

Amended Complaint are attempting to restate the contents of Deputy Azzara's statement(s), these Defendants assert that the statements speak for themselves and demand strict proof thereof.

47.    These Defendants lack sufficient knowledge an information to form a belief as to the allegations contained in Paragraph Forty-Seven of the Plaintiffs' Amended Complaint therefore deny same.

48.    Upon information and belief, these Defendants admit the allegations contained in Paragraph Forty-Eight of the Plaintiffs' Amended Complaint. Further, these Defendants would move to strike the photograph contained in Forty-Eight of the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

49.    These Defendants deny the allegations contained in Paragraph Forty-Nine of the Plaintiffs' Amended Complaint.

50.    These Defendants deny the allegations contained in Paragraph Fifty of the Plaintiffs' Amended Complaint.

51.    These Defendants admit the allegations contained in Paragraph Fifty-One of the Plaintiffs' Amended Complaint. Further, these Defendants would move to strike Exhibit H, the body camera screen shot contained in Fifty-One of the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

52.    These Defendants deny the allegations contained in Paragraph Fifty-Two of the Plaintiffs' Amended Complaint. Further, these Defendants would move to strike Exhibit H, the body camera screen shot contained in Paragraph Fifty-Two of the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil

Procedure.

53.     These Defendants deny the allegations contained in Paragraph Fifty-Three of the Plaintiffs' Amended Complaint as stated.

54.     These Defendants deny the allegations contained in Paragraph Fifty-Four of the Plaintiffs' Amended Complaint.

55.     These Defendants admit the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Amended Complaint.

56.     These Defendants deny the allegations contained in Paragraph Fifty-Six of the Plaintiffs' Amended Complaint as stated.

57.     In as much as the allegations contained in Paragraph Fifty-Seven of the Plaintiffs' Amended Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

58.     In as much as the allegations contained in Paragraph Fifty-Eight of the Plaintiffs' Amended Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

59.     In as much as the allegations contained in Paragraph Fifty-Nine of the Plaintiffs' Amended Complaint attempt to state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

60.     These Defendants deny the allegations contained in Paragraph Sixty of the Plaintiffs' Amended Complaint.

61.     These Defendants deny the allegations contained in Paragraph Sixty-One of the Plaintiffs' Amended Complaint.

62.     These Defendants deny the allegations contained in Paragraph Sixty-Two of the

Plaintiffs' Amended Complaint.

63.    These Defendants deny the allegations contained in Paragraph Sixty-Three of the Plaintiffs' Amended Complaint.

64.    In as much as the allegations contained in Paragraph Sixty-Four of the Plaintiffs' Amended Complaint attempts to state conclusions of law, the Defendants neither admit nor denies same but demands strict proof thereof.

65.    These Defendants deny the allegations contained in Paragraph Sixty-Five of the Plaintiffs' Amended Complaint.

66.    These Defendants deny the allegations contained in Paragraph Sixty-Six of the Plaintiffs' Amended Complaint.

67.    These Defendants deny the allegations contained in Paragraph Sixty-Seven of the Plaintiffs' Amended Complaint as stated.

68.    These Defendants deny the allegations contained in Paragraph Sixty-Eight of the Plaintiffs' Amended Complaint as stated.

69.    These Defendants deny the allegations contained in Paragraph Sixty-Nine of the Plaintiffs' Amended Complaint as stated. Further, these Defendants would show that Ms. Tench was sequestered on scene as a potential material witness in an ongoing emergent investigation of an officer involved shooting and potential crime scene.

70.    These Defendants deny the allegations contained in Paragraph Seventy of the Plaintiffs' Amended Complaint as stated.

71.    These Defendants deny the allegations contained in Paragraph Seventy-One of the Plaintiffs' Amended Complaint as stated.

72.   These Defendants deny the allegations contained in Paragraph Seventy-Two of the Plaintiffs' Amended Complaint as stated.

73.   These Defendants deny the allegations contained in Paragraph Seventy-Three of the Plaintiffs' Amended Complaint.

74.   These Defendants deny the allegations contained in Paragraph Seventy-Four of the Plaintiffs' Amended Complaint.

75.   These Defendants deny the allegations contained in Paragraph Seventy-Five of the Plaintiffs' Amended Complaint.

76.   These Defendants deny the allegations contained in Paragraph Seventy-Six of the Plaintiffs' Amended Complaint.  Further, these Defendants move to strike Exhibit I from the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

77.   These Defendants deny the allegations contained in Paragraph Seventy-Seven of the Plaintiffs' Amended Complaint.

78.   These Defendants deny the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Amended Complaint.

79.   These Defendants deny the allegations contained in Paragraph Seventy-Nine of the Plaintiffs' Amended Complaint.

80.   These Defendants deny the allegations contained in Paragraph Eighty of the Plaintiffs' Amended Complaint.  Further, these Defendants move to strike Exhibit B, excerpt of screen shot, from the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

81.   These Defendants deny the allegations contained in Paragraph Eighty-One of the

Plaintiffs' Amended Complaint.

82.  These Defendants deny the allegations contained in Paragraph Eighty-Two of the Plaintiffs' Amended Complaint.

83.  These Defendants deny the allegations contained in Paragraph Eighty-Three of the Plaintiffs' Amended Complaint.

84.  These Defendants deny the allegations contained in Paragraph Eighty-Four of the Plaintiffs' Amended Complaint.

85.  These Defendants assert that the search warrant referenced in Paragraph Eighty-Five of the Plaintiffs' Amended Complaint speaks for itself and demands strict proof thereof.  Further, these Defendants move to strike Exhibit J from the Plaintiffs' Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

86.  These Defendants assert that the affidavit supporting the search warrant speaks for itself and demands strict proof thereof.  Further, these Defendants move to strike Exhibit K from the Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

87.  These Defendants assert that the affidavit supporting the search warrant speaks for itself and demands strict proof thereof.  Further, these Defendants move to strike Exhibit L from the Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

88.  These Defendants admit the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Amended Complaint.

89.  These Defendants deny the allegations contained in Paragraph Eighty-Nine of the

Plaintiffs' Amended Complaint as stated.

90.　These Defendants deny the allegations contained in Paragraph Ninety of the Plaintiffs' Amended Complaint as stated.

91.　In as much as the allegations contained in Paragraph Ninety-One of the Plaintiffs' Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants assert the General Orders speak for themselves and demands strict proof thereof.

92.　In as much as the allegations contained in Paragraph Ninety-Two of the Plaintiffs' Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants assert the General Orders speak for themselves and demand strict proof thereof.

93.　In as much as the allegations contained in Paragraph Ninety-Three of the Plaintiffs' Amended Complaint allege that Deputy Azzara violated Greenville County Sheriff's Office's policy by not activating his body worn camera, these Defendants specifically admit that Deputy Azzara violated Greenville County Sheriff's Office policy by not activating his body worn camera; however, these Defendants deny the remaining allegations contained in Paragraph Ninety-Three of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

94.　In as much as the allegations contained in Paragraph Ninety-Four of the Plaintiffs' Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as the General Orders speak for themselves.

95.　In as much as the allegations contained in Paragraph Ninety-Five of the Plaintiffs'

Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as the General Orders speak for themselves.

96. In as much as the allegations contained in Paragraph Ninety-Six of the Plaintiffs' Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof as the General Orders speak for themselves.

97. These Defendants deny the allegations contained in Paragraph Ninety-Seven of the Plaintiffs' Amended Complaint.

98. These Defendants deny the allegations contained in Paragraph Ninety-Eight of the Plaintiffs' Amended Complaint.

99. In as much as the allegations contained in Paragraph Ninety-Nine of the Plaintiffs' Amended Complaint attempt to restate Greenville County Sheriff's Office's General Orders, these Defendants neither admit nor deny same but demand strict proof thereof and would show that the General Orders speak for themselves.

100. These Defendants deny the allegations contained in Paragraph One Hundred of the Plaintiffs' Amended Complaint.

101. These Defendants deny the allegations contained in Paragraph One Hundred One of the Plaintiffs' Amended Complaint.

102. These Defendants deny the allegations contained in Paragraph One Hundred Two of the Plaintiffs' Amended Complaint.

103. These Defendants deny the allegations contained in Paragraph One Hundred Three of the Plaintiffs' Amended Complaint.

104.    These Defendants deny the allegations contained in Paragraph One Hundred Four of the Plaintiffs' Amended Complaint.

105.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

106.    In as much as the allegations contained in Paragraph One Hundred Six of the Plaintiffs' Amended Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

107.    These Defendants deny the allegations contained in Paragraph One Hundred Seven of the Plaintiffs' Amended Complaint.

108.    These Defendants deny the allegations contained in Paragraph One Hundred Eight of the Plaintiffs' Amended Complaint.

109.    These Defendants deny the allegations contained in Paragraph One Hundred Nine of the Plaintiffs' Amended Complaint.

110.    These Defendants deny the allegations contained in Paragraph One Hundred Ten of the Plaintiffs' Amended Complaint.

111.    These Defendants deny the allegations contained in Paragraph One Hundred Eleven of the Plaintiffs' Amended Complaint.

112.    These Defendants deny the allegations contained in Paragraph One Hundred Twelve of the Plaintiffs' Amended Complaint.

113.    These Defendants deny the allegations contained in Paragraph One Hundred Thirteen of the Plaintiffs' Amended Complaint.

114.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

115.    These Defendants deny the allegations contained in Paragraph One Hundred Fifteen of the Plaintiffs' Amended Complaint.

116.    These Defendants deny the allegations contained in Paragraph One Hundred Sixteen of the Plaintiffs' Amended Complaint.

117.    These Defendants deny the allegations contained in Paragraph One Hundred Seventeen of the Plaintiffs' Amended Complaint.

118.    These Defendants deny the allegations contained in Paragraph One Hundred Eighteen of the Plaintiffs' Amended Complaint.

119.    These Defendants deny the allegations contained in Paragraph One Hundred Nineteen  of the Plaintiffs' Amended Complaint.

120.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty of the Plaintiffs' Amended Complaint.

121.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-One of the Plaintiffs' Amended Complaint.

122.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Two of the Plaintiffs' Amended Complaint.

123.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

124.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Four of the Plaintiffs' Amended Complaint.

125.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Five of the Plaintiffs' Amended Complaint.

126.    These Defendants reallege and reiterate each and every allegation set forth above,

and not inconsistent herewith, as if fully repeated herein.

127. In as much as the allegations contained in Paragraph One Hundred Twenty-Seven of the Plaintiffs' Amended Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

128. These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Eight of the Plaintiffs' Amended Complaint.

129. These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Nine of the Plaintiffs' Amended Complaint.

130. These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

131. These Defendants deny the allegations contained in Paragraph One Hundred Thirty-One of the Plaintiffs' Amended Complaint.

132. These Defendants deny the allegations contained in Paragraph One Hundred Thirty-Two of the Plaintiffs' Amended Complaint.

133. These Defendants deny the allegations contained in Paragraph One Hundred Thirty-Three of the Plaintiffs' Amended Complaint.

## FOR A SECOND DEFENSE

134. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

135. These Defendants allege that the Complaint of the Plaintiffs fails to state a claim against them and, therefore the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

136.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

137.    These Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of these Defendants, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiffs are totally barred from recovery.

## FOR A FOURTH DEFENSE

138.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

139.    Alternatively, these Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of these Defendants, and for that reason the Plaintiff's recovery, if any, shall be reduced in proportion to the amount of his own negligence.

## FOR A FIFTH DEFENSE

140.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

141.    These Defendants allege that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole acts of negligence, recklessness and wantonness on the part of the Plaintiff and that the sole

negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## FOR A SIXTH DEFENSE

142.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

143.    These Defendants allege that the Plaintiff, nevertheless, freely and voluntarily engaged in this conduct even though he knew or should have known of the attendant risks of doing so and that in so doing, he assumed the risk of being involved in the incident and sustained the injuries and damages for which he is now complaining. Accordingly, his claim is barred.

## FOR A SEVENTH DEFENSE

144.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

145.    These Defendants allege that all the risks and dangers, if any, connected with the accident at the time and place of Plaintiff's alleged injury were open, obvious and apparent, and were known to, or should have been known to the Plaintiff; that the Plaintiff was perfectly competent to judge the safety of the circumstances and conditions at the time and place alleged in the Complaint, and therefore, by his own actions, assumed the risk of being injured in such manner on such occasion, and for that reason, these Defendants are not liable to the Plaintiffs in any sum whatsoever.

## FOR AN EIGHTH DEFENSE

146.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

147.	These Defendants allege that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole acts of negligence, recklessness and wantonness on the part of the Plaintiff and that the sole negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## FOR A NINTH DEFENSE

148.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

149.	These Defendants hereby asserts qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TENTH DEFENSE

150.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

151.	These Defendants assert that they were never deliberately indifferent to any of the Plaintiffs' needs or rights and, therefore, the Plaintiffs' Complaint should be dismissed.

## FOR AN ELEVENTH DEFENSE

152.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

153.	These Defendants would show that their actions with regard to the Plaintiff were based upon an objectively reasonable right based upon the existing law, which objective reasonable rights is a complete bar to Plaintiffs' causes of actions against these Defendants.  Therefore, Plaintiffs' Complaint should be dismissed.

## FOR A TWELFTH DEFENSE

154.   These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

155.   These Defendants would show that in acting with regard to the Plaintiff, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar to one or more of the Plaintiffs' causes of actions against these Defendants.   Therefore, Plaintiffs' Complaint should be dismissed.

## FOR A THIRTEENTH DEFENSE

156.   These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

157.   These Defendant would show that their actions with regard to the Plaintiff was based upon an objectively reasonable reliance upon existing law, which objectively reasonable reliance is a complete bar to Plaintiffs' causes of action against these Defendants.

## FOR A FOURTEENTH DEFENSE

158.   These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

159.   These Defendants assert as an affirmative defense to the Plaintiffs' Complaint the provisions and limitations of §15-78-30(f) & (g) of the South Carolina Code of Laws and, therefore, the Plaintiffs' Complaint should be dismissed.

## FOR A FIFTEENTH DEFENSE

160.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

161.    This Defendant pleads all defenses, rights and immunities pursuant to §§15-78-100 and 110, et seq. of the South Carolina Code of Laws.

## FOR A SIXTEENTH DEFENSE

162.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

163.    These Defendants pleads all rights, immunities and limitations of liability pursuant to §15-78-120 of the South Carolina Code of Laws and, therefore, the Plaintiffs' Complaint should be dismissed.

## FOR A SEVENTEENTH DEFENSE

164.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

165.    These Defendants plead all rights and immunities pursuant to §15-78-60 of the South Carolina Code of Laws, including, but not limited to, §§ 1, 2, 3, 4, 5, 17, 20, 21 and 25, and accordingly, Plaintiffs' Complaint must be dismissed.

## FOR AN EIGHTEENTH DEFENSE

166.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

167.    These Defendants assert all defenses and immunities pursuant to §15-78-70 and §15-78-200 of the South Carolina Code of Laws; therefore, Plaintiffs' Complaint

should be dismissed.

### FOR A NINTEENTH DEFENSE

168.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

169.    These Defendants assert that they are not "persons" for purposes under 42 U.S.C. §1983, therefore, the Plaintiffs' Complaint should be dismissed.

### FOR A TWENTIETH DEFENSE

170.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

171.    These Defendants assert that at all times relevant hereto, in performance and non-performance of the alleged acts in the Complaint did not perform any acts, or fail to perform any acts in bad faith, and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore these Defendant are immune from suit.

### FOR A TWENTY-FIRST DEFENSE

172.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

173.    These Defendants would show that in regard to the allegations of wrongdoing in their capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiffs' causes of action against these Defendants.  Therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A TWENTY-SECOND DEFENSE**

174.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

175.    These Defendants assert absolute immunity with regard to the Plaintiffs' claims; therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A TWENTY-THIRD DEFENSE**

176.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

177.    These Defendants assert that any physical force used against the Plaintiff was reasonably necessary; therefore, the Plaintiffs' Complaint should be dismissed.

**FOR A TWENTY-FOURTH DEFENSE**

178.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

179.    These Defendants assert that no constitutional rights of the Plaintiff were violated as any force used against him was applied in a good faith effort.

**FOR A TWENTY-FIFTH DEFENSE**

180.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

181.    These Defendants plead any other defense, rights or immunity found under South Carolina Tort Claims Act, §15-78-10, et seq. which have not been previously alleged or specifically raised herein.

**FOR A TWENTY-SIXTH DEFENSE**

182.    These Defendants adopt and reallege each and every allegation set forth above,

and not inconsistent herewith, as if fully repeated herein.

183. These Defendants assert as an affirmative defense the Public Duty Rule.

## **FOR A TWENTY-SEVENTH DEFENSE**

184. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

185. These Defendants plead and assert immunity from liability for any alleged policy and/or custom and/or for any alleged claims based on Respondeat Superior under Monell v. Department of Social Services, 436 U.S. 1658 (1978).

## **FOR A TWENTY-EIGHTH DEFENSE**

186. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

187. These Defendants at all times alleged in the Plaintiffs' Complaint acted in good faith and without ill will or malice and are accordingly entitled to good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from these Defendants.

## **FOR A TWENTY-NINTH DEFENSE**

188. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

189. These Defendants assert that at all times alleged in the Plaintiffs' Complaint, acted within the proper bounds of their discretion and these Defendants plead and assert discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiffs' Complaint.

## **FOR A THIRTIETH DEFENSE**

190.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

191.    These Defendants would show that in regard to the allegations of wrong doing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiffs' causes of action against these Defendants. Therefore, the Plaintiffs' Amended Complaint should be dismissed.

## **FOR A THIRTY-FIRST DEFENSE**

192.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

193.    These Defendants acted pursuant to all established policies and procedures of the Greenville County Sheriff's Office and said polies and procedures are consistent with the United States Constitution and all case law interpreting same.

WHEREFORE, these Defendants above-named, having answered the Amended Complaint of the Plaintiffs herein, respectfully requests the Court to dismiss the Plaintiffs' Amended Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

*(signature on following page)*

Respectfully Submitted,


 _s/Charles F. Turner, Jr._
Charles F. Turner, Jr.  (Fed. I.D. # 05849)
WILLSON JONES CARTER & BAXLEY
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile:  (864) 373-7055
Email:  cfturner@wjcblaw.com
**ATTORNEY FOR DEFENDANTS
RANDAL SOLOMON, JOSHUA
SHELDON, GREENVILLE COUNTY AND
GREENVILLE COUNTY SHERIFF'S
OFFICE**

Greenville, South Carolina
January 27, 2021