IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Michael Tench and Cynthia Merritt Tench, | ) ) |
| | ) Case No.: 6:20-cv-02344-BHH-JDA |
| Plaintiffs, | ) ) |
| | ) **DEFENDANT KEVIN J. AZZARA'S** |
| v. | ) **REPLY TO PLAINTIFFS' RESPONSE IN** |
| | ) **OPPOSITION TO HIS MOTION TO** |
| Kevin J. Azzara, Randal Solomon, Joshua Sheldon, Greenville County, and Greenville County Sheriff's Office, | ) **QUASH OR, IN THE ALTERNATIVE,** |
| | ) **MOTION FOR PROTECTIVE ORDER** |
| | ) **REGARDING PLAINTIFFS' SUBPOENA** |
| | ) **DUCES TECUM ADDRESSED TO T-** |
| Defendants. | ) **MOBILE** |

Defendant Kevin J. Azzara, by and through counsel, files this Reply to Plaintiffs' Response in Opposition to his Motion to Quash or, in the alternative, Motion for Protective Order Regarding Plaintiffs' Subpoena Duces Tecum Addressed to T-Mobile. In the Plaintiffs' filing, the Plaintiffs argue that:

> Upon information and belief, Defendants Azzara, Solomon and Sheldon called and spoke to each other the night of the incident and may have spoken to other officers as well. Upon information and belief, these calls will be reflected in the subpoenaed phone records. Plaintiffs also seek these records to determine the level of contact these three defendants have had from the night of the shooting and since.

See Corrected Entry 38 at p. 3. The Plaintiffs subsequently argue:

> Defendant Azzara's phone records from June 13, 2019 are relevant to whether he called anyone in anticipation of being sent to a residential alarm alone.
>
> Phone records from June 14, 2019 through March 25, 2021 are extremely relevant. They will reveal when, and for how long, Defendants spoke with each other. They will reveal when, and for how long, Defendants spoke with other law enforcement officers who responded to the shooting. They will reveal the frequency of contact between Defendants Azzara, Solomon, and Sheldon. This will enable

> Plaintiffs to understand the strength of their relationships with each other and with other law enforcement officers involved in the incident.

Id. at p. 5.

As set forth in the Memorandum in Support of the Motion to Quash (Entry Number 36-1 at p. 3), Rule 45 of the Federal Rules of Civil Procedure does not list irrelevance or overbreadth as reasons for quashing a subpoena. HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013). However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26 of the Federal Rules of Civil Procedure. Id., citing Cook v. Howard, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012). (Emphasis added).

"[T]he Court must review Plaintiffs' subpoenas under the relevancy standards set forth in Rule 26(b)." Id. Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Id. ((quoting Fed. R. Civ. P. 26(b)(1)). "[T]he Court 'must limit the frequency or extent of discovery' if 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. (quoting Fed. R. Civ. P. 26(b)(2)(C)). "As such, the Court may quash a subpoena duces tecum as overbroad if it 'does not limit the items requested to those containing subject matter relevant to the underlying action." Id. (quoting In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Further, the Court may for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by forbidding the disclosure or discovery of the material at issue." Id.; quoting Fed. R. Civ. P. 26(c)(1). Likewise, Rule 45(c)(3) requires the court to quash a subpoena that "subjects a person to an undue burden." Id.; quoting Fed. R. Civ. P. 45(c)(3); see also Cook, 2012 WL 3634451, at *6 n. 7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." Id.;

quoting <u>Cook</u>, 2012 WL 3634451, at *6 n. 7. Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." <u>Id</u>.; quoting <u>In re Subpoena Duces Tecum</u>., 550 F.Supp.2d at 612.

As acknowledged by the Plaintiffs in their filing, the entire subject interaction was captured on video. <u>Id</u>. at pp. 1-3. The entire critical interaction was over within a few seconds. Any suggestion that almost one year and nine months of phone records is relevant, not overly broad and proportionate to the needs of the case is incorrect.

Arguably none of Deputy Azzara's phone records have anything whatsoever to do with the subject incident and are not relevant due to the fact that he was not using his phone in the moments leading up to the subject incident. Further, the Plaintiffs have publicized this case at every opportunity, taking interviews with news reporters and publishing information to the media and others.

Deputy Azzara is concerned that his phone records may be publicized by the Plaintiffs. He is also concerned that the Plaintiffs may publish his phone number, which could subject him to unwarranted harassment by the media or otherwise. Additionally, information gleaned from his personal cell phone records would cover voluminous personal phone calls, texts, and other forms of communication, which should not be subject to discovery in this suit as Deputy Azzara has a reasonable expectation of privacy for those non-work-related communications.

As stated above, this case involves the shooting of Mr. Tench and the actions surrounding that shooting. There is body camera footage of the incident itself which resolves many issues. Deputy Azzara's phone records, particularly for the day before the subject incident and for more than 21 months in total, have nothing whatsoever to do with the issues in this case. As a result, the subpoena is overly broad. Further, the phone records will contain evidence and information pertaining to Deputy Azzara's communications with his attorneys, which is privileged.

The information requested through the subpoena to T-Mobile is overbroad since it does not limit the items requested to those containing subject matter relevant to the underlying action. See generally HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013). Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "the court must limit the ... extent of discovery ... if it determines that ... the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive." Grey v. Cuccinelli, No. 9:18-CV-01764-DCN, 2020 WL 3104744, at *4 (D.S.C. June 11, 2020); quoting Fed. R. Civ. P. 26(b)(2)(C)(i). Courts have quashed subpoenas when the opposing party can provide the information that the subpoena seeks. Id.; citing HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 309 (D.S.C. 2013) (quashing subpoena when information sought was in the defendant's possession and there was no reason to suggest that the defendant would not provide the information); In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C., 2016 WL 1071016, at *8 (E.D. Va. Mar. 17, 2016) ("There is no reason to burden a third party with discovery when the opposing party has all of the information requested.").

As acknowledged in the Grey case, the case was in the early stages of written discovery and there were plans to depose the critical parties. Id. At this early stage of discovery, the Court was unconvinced that a third-party subpoena was required to obtain the information sought. The Court concluded the parties could obtain the information they sought through discovery as opposed to issuing a third-party subpoena. As such, the Court granted the Motion to Quash. Id.

Similar to Grey, we are currently engaged in written discovery in the above-captioned case. Likewise, depositions have not yet been taken and there are plans to depose the critical parties. Plaintiffs' counsel can easily ask each of the parties at issue about their communications with one another. Further, Plaintiffs' counsel can specifically ask for call records directly pertaining to relevant

communications between the named individual Defendants at critical times surrounding the subject incident.

Further, in Sharp v. Balt. City Police Dep't, Defendants served a subpoena on AT&T to obtain plaintiff's cell phone records for the day before the incident to five months after the incident subject to the plaintiff's lawsuit. Sharp v. Balt. City Police Dep't, No. CCB-11-2888, 2013 U.S. Dist. LEXIS 58111, at *10 (D. Md. Mar. 1, 2013). The Maryland District Court held that the Defendants "made no attempt to demonstrate the relevance of cell phone records before or after the incident." Id. The Court highlighted that the case dealt with a single incident that spanned over a few hours. Id. Consequently, discovery of five months of personal cell phone records were not appropriate and the Court noted that defendants seemed engaged to uncover dirt on the plaintiff, rather than investigate the facts relevant to the incident. Id.

Just like the Sharp case, the subject incident spanned a relatively short period of time. The critical moments involving Deputy Azzara were actually seconds, not the hours involved in Sharp. Further, in our case, Plaintiffs' counsel has requested almost two years of records, which is significantly more than the 5 months of records requested in Sharp. The Maryland District Court held that the Defendants' subpoena requesting five months of cell phone records be quashed, and if it was not quashed it would have "inappropriately intruded into Mr. Sharp's personal life to root around for information that bears no relation to the issues in this case." Id. In our case, almost two years' worth of personal cell phone records would be an inappropriate intrusion into Deputy Azzara's personal life. Accordingly, Plaintiffs' subpoena to T-Mobile for almost two years of Deputy Azzara's cell phone records is overbroad, irrelevant, and not tailored to seek discoverable information.

Based on the foregoing, the Plaintiffs' Motion should be quashed. In the alternative, the undersigned counsel respectfully requests that the Court, for the good cause shown, issue an order to

protect Deputy Azzara from annoyance, embarrassment, oppression, or undue burden by forbidding the disclosure or discovery of the material at issue. The undersigned counsel also respectfully requests that, in the event the subpoena is not quashed, the scope of the subpoena is significantly limited to the day, week, or month of the subject incident as the Court deems appropriate.

Respectfully submitted,

*s/ P. Christopher Smith, Jr.*
James P. Walsh (Federal Bar No.: 5636)
P. Christopher Smith, Jr. (Federal Bar No.: 9921)
**Clarkson, Walsh & Coulter, P.A.**
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400 Phone
(864) 235-4399 Fax
jwalsh@clarksonwalsh.com email
csmith@clarksonwalsh.com email
**ATTORNEYS FOR DEFENDANT KEVIN J. AZZARA**

Greenville, SC
April 21, 2021